UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BRITTANY BELLINGER,**

    **Plaintiff,**

                                    **CASE NO.:**

**v.**

**WEKIVA SPRINGS CENTER, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brittany Bellinger, by and through undersigned counsel, brings this action against Defendant, Wekiva Springs Center, LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper in this district as the Defendant operates its business in this district.

### PARTIES

3. Plaintiff is a resident of Duval County, Florida.

4. Defendant operates a Mental Health Treatment Facility in Jacksonville, in Duval County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff requested Defendant to provide her with any agreements that her claims were covered by arbitration and Defendant produced no such agreements.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

9. Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

## FACTS

10. Plaintiff began working for Defendant on August 2017 as a Mental Health Technician, and she worked in this capacity until April 25, 2019.

11. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

12. On January 27, 2019, Plaintiff discovered she was pregnant. In March 27, 2019, Plaintiff was diagnosed as a high-risk pregnancy.

13. Plaintiff requested a reasonable accommodation and Defendant approved her request to be put on light duty restrictions.

14. On or about April 25, 2019, Defendant notified Plaintiff that it would no longer honor her restrictions.

15. Also on or about April 25, 2019 Defendant told Plaintiff to apply for unemployment benefits.

16. Plaintiff has not been able to return to work since April 25, 2019 resulting in her effective discharge.

17. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

18. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

19. Plaintiff's request for a reasonable accommodation would not have imposed any undue hardship on Defendant.

20. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

21. On or about April 25, 2019, Defendant effectively terminated Plaintiffs employment.

## COUNT I – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. Plaintiff is a member of a protected class under the FCRA.

24. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

25. Defendant's actions were willful and done with malice.

26. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A trial on all issues so triable;

b) That process issue and that the AAA take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT II —FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

25. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

26. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

27. Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A trial on all issues so triable;

(b) That process issues and that the AAA take jurisdiction over the case;

(c) An injunction restraining continued violation of the law enumerated herein;

    (d)    Compensation for lost wages, benefits, and other remuneration;

    (e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    (f)    Compensatory damages, including emotional distress, allowable at law;

    (g)    Punitive damages;

    (h)    Prejudgment interest on all monetary recovery obtained;

    (i)    All costs and attorney's fees incurred in prosecuting these claims; and

    (j)    For such further relief as this Court deems just and equitable.

## COUNT III – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

34. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

35. Defendant's actions were willful and done with malice.

36. Defendant took material adverse action against Plaintiff.

37. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A trial on all issues so triable;

b) That process issue and that the AAA take jurisdiction over the case;

c) That the AAA enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IV—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

l) A jury trial on all issues so triable;

m) That process issue and that this Court take jurisdiction over the case;

n) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

o) That this Court enter an injunction restraining continued violation of the ADA;

p) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

q) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

r) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

s) Any other compensatory damages, including emotional distress, allowable at law;

t) Punitive damages;

u) Prejudgment interest on all monetary recovery obtained.

      v)      All costs and attorney's fees incurred in prosecuting these claims; and

      w)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of November, 2020.

      Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**